DECHERT LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
H. Jeffrey Schwartz (HJS-4105)
Gary J. Mennitt (GM-1141)
Elise Scherr Frejka (ESF-6896)
Jonathan D. Perry (JP-0863)

*Attorneys for the Debtors and Debtors-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
:
In re:                                                          :   Chapter 11
                                                                :
BAYOU GROUP, LLC, et al.,                                       :   Case No.: 06-22306 (ASH)
                                                                :
                              Debtors.                          :   Jointly Administered
                                                                :
---------------------------------------------------------------- X
BAYOU GROUP, LLC, BAYOU                                         :   Adv. Proc. No.
MANAGEMENT, LLC, BAYOU ADVISORS,                                :
LLC, BAYOU EQUITIES, LLC, BAYOU FUND,                           :
LLC, BAYOU SUPERFUND, LLC, BAYOU NO                             :
LEVERAGE FUND, LLC, BAYOU AFFILIATES                            :
FUND, LLC, and BAYOU ACCREDITED FUND,                           :
LLC,                                                            :
                                                                :
                              Plaintiffs,                       :
                                                                :
            -against-                                           :
                                                                :
                                                                :
BANQUE FRANCK F/B/O REDWOOD                                     :
GROWTH PARTNERS LLC and JOHN DOES 1-                            :
25, inclusive, such names being fictitious and                  :
intended to be parties who received the transfers               :
sought to be avoided in this complaint,                         :
                                                                :
                              Defendants.                       :
---------------------------------------------------------------- X

# **COMPLAINT**

Debtors-in-possession Bayou Group, LLC ("Bayou Group"), Bayou Management, LLC ("Bayou Management"), Bayou Advisors, LLC ("Bayou Advisors"), Bayou Equities, LLC ("Bayou Equities"), Bayou Fund, LLC ("Bayou Fund"), Bayou Superfund, LLC ("Bayou Superfund"), Bayou No Leverage Fund, LLC ("Bayou No Leverage"), Bayou Affiliates Fund, LLC ("Bayou Affiliates"), and Bayou Accredited Fund, LLC ("Bayou Accredited," and together with Bayou Fund, Bayou Superfund, Bayou No Leverage, and Bayou Affiliates, the "Bayou Hedge Funds") (collectively, the "Bayou Entities," "Debtors," or "Plaintiffs"), by and through their counsel, Dechert LLP, as and for their Complaint against Banque Franck F/B/O Redwood Growth Partners LLC ("Banque Franck") and John Does 1 through 25 ("Does 1-25," and together with Banque Franck, the "Defendants"), such names being fictitious and intended to be parties who received the transfers sought to be avoided in this Complaint, respectfully allege as follows:

## Nature of the Adversary Proceeding

1. This adversary proceeding arises from a massive Ponzi scheme perpetrated by the Bayou Entities. During the course of this fraud, the Bayou Entities attracted more than $450 million in investments for their Hedge Funds. After suffering millions of dollars in trading losses, the Bayou Entities attempted to stay afloat, and indeed prolonged the scheme, by disclosing false investment performance and creating false financial statements. The Bayou Entities also attempted to conceal their losses through a series of fraudulent transfers to certain of their investor creditors, including Defendants. In essence, the Bayou Entities used capital from new investors to pay redemption proceeds to investor creditors seeking to exit the Bayou Hedge Funds. Ultimately, the Bayou Entities' Ponzi scheme collapsed, with approximately $250 million in principal unpaid to hundreds of creditors. It is inequitable for the early redeemers to retain these payments to the detriment of the Debtors' creditors. Plaintiffs seek the return of the

non-existent principal and investment gains "returned" to the early redeemers so that those funds can be equitably redistributed pro-rata to creditors as prescribed by the Bankruptcy Code.

2. In the wake of their financial collapse, the Bayou Entities filed with this Court separate voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. As debtors-in-possession, the Bayou Entities now bring this adversary proceeding pursuant to §§ 105(a), 502(d), 544(b), 548(a), 550(a), 551, and 1107 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), New York Debtor and Creditor Law §§ 273, 274, 275, 276, 276-a, and 278, New York common law, and other applicable law, to set aside and recover certain fraudulent transfers made by the Bayou Entities to the Defendants and preserve said property for the benefit of the Bayou Entities' estates. Moreover, pursuant to § 502(d) of the Bankruptcy Code, Plaintiffs seek to disallow any claims filed by the Defendants against the Bayou Entities unless and until the Defendants return to the Bayou Entities the transfers which are the subject of this Complaint.

## Jurisdiction and Venue

3. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334(b) of the subject matter of this proceeding because the claims asserted herein arise under Chapter 11 of the Bankruptcy Code and are related to a case pending under the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York, White Plains Division (the "Bankruptcy Court").

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157 because this adversary proceeding arises in or under the Debtors' Chapter 11 case. Regardless of whether this is a core proceeding, consent is hereby given to the entry of final orders and judgment by the Bankruptcy Court. Each defendant is notified that Rule 7008(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") requires each defendant to plead

whether this proceeding is core or non-core and, if non-core, whether consent is given to the entry of final orders and judgment by the Bankruptcy Court.

5. Pursuant to 28 U.S.C. § 1409(a), venue of this adversary proceeding in the Bankruptcy Court is proper because the Debtors' cases are pending in this district and division.

**The Parties**

6. Bayou Group is a Connecticut limited liability company.

7. Bayou Management is a New York limited liability company. Samuel Israel III ("Israel") and Daniel E. Marino ("Marino"), acting through Bayou Management, directed and controlled the business of the Bayou Hedge Funds, and Bayou Management acted as investment advisor to the Bayou Hedge Funds.

8. Bayou Advisors is a Delaware limited liability company.

9. Bayou Equities is a Delaware limited liability company.

10. The Bayou Hedge Funds include the following:

   a. Bayou Fund, a New York limited liability company;

   b. Bayou Superfund, a Delaware limited liability company

   c. Bayou No Leverage, a Delaware limited liability company;

   d. Bayou Affiliates, a Delaware limited liability company; and

   e. Bayou Accredited, a Delaware limited liability company.

11. Pursuant to an Order of the United States District Court for the Southern District of New York (the "District Court") entered on April 28, 2006, Jeff J. Marwil ("Marwil") succeeded to be the sole and exclusive managing member and authorized representative of each of the Bayou Entities. Thus, each of the Bayou Entities has a principal place of business located at Marwil's offices, c/o One IBM Plaza, Chicago, Illinois 60611. Because Marwil was not appointed until after the transfers which are the subject of this Complaint were made, Marwil

does not have personal knowledge of the facts alleged in this Complaint and therefore alleges those facts on information and belief.

12. Upon information and belief, defendant Banque Franck is an entity with a place of business at 5100 Poplar Avenue, Suite 3200, Memphis, Tennessee 38106.

13. Upon information and belief, Banque Franck purchased certain participation interests in one or more of the Bayou Hedge Funds.

14. Each of the defendants Does 1-25 is an initial transferee of the fraudulent or other avoidable transfers alleged in this Complaint, or a person for whose benefit such transfers were made, or an immediate or mediate transferee of such an initial transferee. Plaintiffs are not aware of the true names and capacities (whether individual, corporate, or otherwise) of defendants Does 1-25, or any of them, and therefore sues said defendants, and each of them, if any, by such fictitious names. Plaintiffs will amend this Complaint to include their true identities and capacities when and if they are ascertained.

## General Allegations

15. On May 30, 2006 (the "Petition Date"), the Debtors filed with this Court separate voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

## The Bayou Family of Companies

### The Bayou Funds Were Inherently Fraudulent

16. The Bayou Entities are an affiliated group of entities that created, operated, comprised, and controlled private pooled investment funds (commonly known as "hedge funds"). As more particularly described herein, the Bayou Entities operated their hedge funds as a fraudulent Ponzi scheme, and engaged in a series of fraudulent actions and transactions in furtherance of their criminal scheme.

17.     The Bayou Fund – the first created of the Bayou Entities' hedge funds – was launched by Israel and Marino in 1996 with $1.2 million in capital.  The Bayou Fund was a single-manager hedge fund marketed to "accredited investors" and large institutions.  During a reorganization in January 2003, the Bayou Fund was liquidated and four separate on-shore hedge funds were created:  Bayou Accredited, Bayou Affiliates, Bayou No Leverage, and Bayou Superfund.  At year-end 2004, the Bayou Hedge Funds claimed to have approximately $411 million in capital under management.

18.     Within months after the Bayou Hedge Funds opened and started trading, they sustained heavy trading losses and began falsifying their financial disclosures and fraudulently misrepresenting their investment performances.  In financial summaries that were sent to clients, the volatile swings of the trading gains and losses were concealed by padding and fabricating the results through a pattern of fraud.  After sustaining a net loss of millions of dollars, the Bayou Entities concealed their losses, created false investment performance reports, and created false financial statements.

19.     The Bayou Funds' mounting losses could not withstand an independent audit of the year-end 1998 financial results.  To avoid detection, Marino, a certified public accountant, created a fictitious accounting firm – Richmond-Fairfield Associates, CPA, PLLC ("Richmond-Fairfield") – to pose as the independent auditor, replacing Grant Thornton LLP.  Beginning in 1999, Israel and Marino caused the Debtors, under cover of "audits" by Richmond-Fairfield, to continue to generate false performance summaries and false financial statements designed to mislead investors.  The Bayou Hedge Funds were self-administered.  Without a truly independent auditor and without an independent administrator, the Bayou Entities' own books and records do not accurately reflect the true financial performance of the Bayou Hedge Funds.

20. Over the course of their fraudulent existence, the Bayou Entities induced investments of a reported $450 million into the Bayou Hedge Funds and their off-shore counterparts. (The off-shore Bayou funds are the subject of liquidation proceedings under the laws of the Cayman Islands and are not directly at issue in this matter.) The Bayou Entities used the incoming capital from new investors to continue operations and pay redemption proceeds to investors who sought to exit the hedge funds, all as part of the fraudulent concealment of the Ponzi scheme.

21. In a letter dated July 27, 2005, the Bayou Entities abruptly advised their creditors that the Bayou Hedge Funds were voluntarily liquidating. All investor creditors were promised a 100% redemption of their investments upon completion of a final audit. Despite this assurance, the Bayou Entities failed to repay its investor creditors. The vast majority of investor funds under the Bayou Entities' control vanished in a final scheme of deception and fraud. On information and belief, in total, the Bayou Entities' creditors lost approximately $250 million.

**The Fraudulent Activity is Admitted**

22. Following the Bayou Entities' collapse, numerous civil and criminal investigations have been commenced by state and federal authorities. In particular, the United States Attorney for this District, the Securities and Exchange Commission and the Commodity Futures Trading Commission each have commenced separate law enforcement actions against the Bayou Entities, Israel, Marino and others alleging violations of numerous laws and regulations.

23. On September 29, 2005, criminal informations were filed in the District Court against Israel and Marino as a result of their activities related to the Debtors. That same day, Israel and Marino pleaded guilty to conspiracy to commit fraud, mail and wire fraud, and

investment advisor fraud after acknowledging their widespread fraudulent financial reporting to investors. Copies of the criminal plea allocutions of Israel and Marino are collectively annexed hereto as Exhibit A and incorporated by reference in their entirety.

**The Avoidable Transfers**

24. During the period of the Bayou Entities' fraudulent financial scheme, various investors in the Bayou Hedge Funds, including the Defendants, redeemed all or part of their investment to the detriment of the remaining investor creditors. Of course, at the time Defendants redeemed, the financial statements of the Bayou Hedge Funds indicated that these early redeemers were entitled to the return of all of their principal as well as substantial profits. In truth, there were no profits, and the "principal" returned was in reality monies invested in the Bayou Hedge Funds by recent investors.

25. During the two years prior to the Petition Date, the Debtors made transfers of their property, including money, to or for the benefit of Banque Franck and Does 1-25 in the amount of at least $1,200,000 (the "Avoidable Transfers"). At this time, Plaintiffs lack sufficient information to specify the total amount of money and other property that comprise all of the Avoidable Transfers. Plaintiffs will seek leave to amend this Complaint when they have such additional information concerning the money and other property that the Debtors transferred to or for the benefit of Banque Franck and Does 1-25.

26. Upon information and belief, the Defendants knew or should have known that the Avoidable Transfers were made in furtherance of the fraud. The Avoidable Transfers were not obtained by the Defendants in good faith for reasonably equivalent value.

## First Claim for Relief

**(Against All Defendants: Action to Avoid and Recover Intentionally Fraudulent Transfers of Money and Other Property and Preserve Same for the Benefit of the Estates Pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a), 551, and 1107)**

27. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 26 above as if fully set forth herein at length.

28. The Avoidable Transfers were made by the Bayou Entities with the actual intent to hinder, delay, or defraud the creditors of the Bayou Entities. The Bayou Entities made the Avoidable Transfers to or for the benefit of the Defendants in furtherance of a fraudulent investment scheme.

29. None of Defendants Banque Franck or Does 1-25 can satisfy its burden of establishing that it took any of such Avoidable Transfers for value and in good faith.

30. As a result of the foregoing, Plaintiffs are entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a), and 551: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering such Avoidable Transfers from the Defendants for the benefit of the estates of the Debtors.

## Second Claim for Relief

**(Against All Defendants: Action to Avoid and Recover Constructively Fraudulent Transfers of Money or Other Property and Preserve Same for the Benefit of the Estates Pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a), 551, and 1107)**

31. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 26 above as if fully set forth herein at length.

32. By virtue of the fact that the Bayou Entities operated a fraudulent investment scheme, at all relevant times, the Bayou Entities: (a) were insolvent on the dates that the Avoidable Transfers were made or became insolvent as a result of the Avoidable Transfers, and/or (b) were engaged in businesses or transactions, or were about to engage in businesses or

transactions, for which the property remaining with the Debtors after the Avoidable Transfers was effectuated constituted unreasonably small capital, and/or (c) at the time of the Avoidable Transfers, intended to incur, or believed that they would incur, debts that would be beyond their ability to pay as the debts matured.

33. The Bayou Entities received less than a reasonably equivalent value in exchange for the Avoidable Transfers.

34. As a result of the foregoing, Plaintiffs are entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the Avoidable Transfers from the Defendants for the benefit of the estates of the Debtors.

### Third Claim for Relief

**(Against All Defendants: Action to Avoid Intentionally Fraudulent Transfers of Money and Other Property and Preserve Same for the Benefit of the Estates Pursuant to New York Debtor and Creditor Law §§ 276, 276-a, and 278, and Bankruptcy Code §§ 544, 550(a), 551, and 1107)**

35. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 26 above as if fully set forth herein at length.

36. At all relevant times there was and is at least one or more creditors who held and hold unsecured claims against the Bayou Entities that were and are allowable under Bankruptcy Code § 502 or that were and are not allowable only under Bankruptcy Code § 502(e).

37. The Avoidable Transfers to the Defendants were made with the actual intent to hinder, delay, and/or defraud creditors of the Bayou Entities. The Bayou Entities made the Avoidable Transfers to or for the benefit of the Defendants in furtherance of a fraudulent investment scheme.

38. By reason of the foregoing, pursuant to New York Debtor and Creditor Law §§ 276, 276-a and 278 and Bankruptcy Code §§ 544(b), 550(a), and 551, Plaintiffs are entitled to a judgment: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, (c) recovering the Avoidable Transfers from the Defendants for the benefit of the estates of the Debtors, and (d) recovering attorneys' fees from the Defendants.

### Fourth Claim for Relief

**(Against All Defendants: Action to Avoid Constructively Fraudulent Transfers of Money and Property and Preserve Same for the Benefit of the Estates Pursuant to New York Debtor and Creditor Law §§ 273 and 278, and Bankruptcy Code §§ 544, 550(a), 551, and 1107)**

39. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 26 above as if fully set forth herein at length.

40. At all relevant times there was and is at least one or more creditors who held and hold unsecured claims against the Bayou Entities that were and are allowable under Bankruptcy Code § 502 or that were and are not allowable only under Bankruptcy Code § 502(e).

41. The Bayou Entities did not receive fair consideration for the Avoidable Transfers, in that the Defendants did not take any of such Avoidable Transfers for fair equivalent value and/or in good faith.

42. At the time of the Avoidable Transfers, the Bayou Entities were insolvent or, in the alternative, the Bayou Entities became insolvent as a result of the Avoidable Transfers.

43. By reason of the foregoing, Plaintiffs are entitled to a judgment pursuant to New York Debtor and Creditor Law §§ 273 and 278 and Bankruptcy Code §§ 544(b), 550 and 551: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the Avoidable Transfers from the Defendants for the benefit of the estates of the Debtors.

## Fifth Claim for Relief

**(Against all Defendants: Action to Avoid Constructively Fraudulent Transfers of Money and Property and Preserve Same for the Benefit of the Estates Pursuant to New York Debtor and Creditor Law §§ 274 and 278, and Bankruptcy Code §§ 544, 550(a), 551, and 1107)**

44. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 26 above as if fully set forth herein at length.

45. At all relevant times there was and is at least one or more creditors who held and hold unsecured claims against the Bayou Entities that were and are allowable under Bankruptcy Code § 502 or that were and are not allowable only under Bankruptcy Code § 502(e).

46. The Bayou Entities did not receive fair consideration for the Avoidable Transfers, in that the Defendants did not take any of such Avoidable Transfers for fair equivalent value and/or in good faith.

47. At the time the Bayou Entities made the Avoidable Transfers, the Bayou Entities were engaged or were about to engage in a business or transaction for which the property remaining in their hands after the Avoidable Transfers was an unreasonably small capital.

48. By reason of the foregoing, pursuant to New York Debtor and Creditor Law §§ 274 and 278 and Bankruptcy Code §§ 544(b), 550(a), and 551, Plaintiffs are entitled to a judgment: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the Avoidable Transfers from the Defendants for the benefit of the estates of the Debtors.

## Sixth Claim for Relief

**(Against All Defendants: Action to Avoid Constructively Fraudulent Transfers of Money and Property and Preserve Same for the Benefit of the Estates Pursuant to New York Debtor and Creditor Law §§ 275 and 278, and Bankruptcy Code §§ 544, 550(a), 551, and 1107)**

49. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 26 above as if fully set forth herein at length.

50. At all relevant times there was and is at least one or more creditors who held and hold unsecured claims against the Bayou Entities that were and are allowable under Bankruptcy Code § 502 or that were and are not allowable only under Bankruptcy Code § 502(e).

51. The Bayou Entities did not receive fair consideration for the Avoidable Transfers, in that the Defendants did not take any of such Avoidable Transfers for fair equivalent value and/or in good faith.

52. At the time of the Avoidable Transfers, the Bayou Entities incurred, were intending to incur, or believed that they would incur debts beyond their ability to pay them as the debts matured.

53. By reason of the foregoing, pursuant to New York Debtor and Creditor Law §§ 275 and 278 and Bankruptcy Code §§ 544(b), 550(a), and 551, Plaintiffs are entitled to a judgment: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the Avoidable Transfers from the Defendants for the benefit of the estates of the Debtors.

## Seventh Claim for Relief

**(Against All Defendants: Action to Avoid Constructively Fraudulent Transfers of Money and Property and Preserve Same for the Benefit of the Estates Pursuant to Bankruptcy Code §§ 544(b), 550(b), 551, and 1107 and New York Common Law Claim of Unjust Enrichment)**

54. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 26 above as if fully set forth herein at length.

55. At all relevant times there was and is at least one or more creditors who held and hold unsecured claims against the Bayou Entities that were and are allowable under Bankruptcy Code § 502 or that were and are not allowable only under Bankruptcy Code § 502(e).

56. Through the Avoidable Transfers, Defendants were enriched monetarily at the expense of the creditors of the Bayou Entities. Based on the facts described in the preceding paragraphs, it is against equity and good conscience for Defendants to retain the Avoidable Transfers.

57. Accordingly, Defendants have been unjustly enriched as provided by New York common law.

58. By reason of the foregoing, pursuant to Bankruptcy Code §§ 544(b), 550(a), and 551 and New York common law, Plaintiffs are entitled to a judgment: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the Avoidable Transfers from the Defendants for the benefit of the estates of the Debtors.

### Eighth Claim for Relief

**(Action to Avoid Constructively Fraudulent Transfers of Money and Property and Preserve Same for the Benefit of the Estates Pursuant to Bankruptcy Code §§ 544(b), 550(b), 551, and 1107 and New York Common Law Claim of Restitution)**

59. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 26 above as if fully set forth herein at length.

60. At all relevant times there was and is at least one or more creditors who held and hold unsecured claims against the Bayou Entities that were and are allowable under Bankruptcy Code § 502 or that were and are not allowable only under Bankruptcy Code § 502(e).

61. Through the Avoidable Transfers, Defendants received money belonging to the creditors of the Bayou Entities. Defendants benefited from receipt of the Avoidable Transfers. Based on the facts described in the preceding paragraphs, it is against equity and good conscience for Defendants to retain the Avoidable Transfers.

62. Accordingly, Defendants are liable for restitution as provided by New York common law.

63. By reason of the foregoing, pursuant to Bankruptcy Code §§ 544(b), 550(a), and 551 and New York common law, the Debtors are entitled to a judgment: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the Avoidable Transfers from the Defendants for the benefit of the estates of the Debtors.

### Ninth Claim for Relief

**(Action to Avoid Constructively Fraudulent Transfers of Money and Property and Preserve Same for the Benefit of the Estates Pursuant to Bankruptcy Code §§ 544(b), 550(b), 551, and 1107 and New York Common Law Claim of Money Had and Received)**

64. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 26 above as if fully set forth herein at length.

65. At all relevant times there was and is at least one or more creditors who held and hold unsecured claims against the Bayou Entities that were and are allowable under Bankruptcy Code § 502 or that were and are not allowable only under Bankruptcy Code § 502(e).

66. Through the Avoidable Transfers, Defendants received money belonging to the creditors of the Bayou Entities. Defendants benefited from receipt of the Avoidable Transfers. Based on the facts described in the preceding paragraphs, it is against equity and good conscience for Defendants to retain the Avoidable Transfers.

67. Accordingly, Defendants are liable for money had and received as provided by New York common law.

68. By reason of the foregoing, pursuant to Bankruptcy Code §§ 544(b), 550(a), and 551 and New York common law, the Debtors are entitled to a judgment: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the Avoidable Transfers from the Defendants for the benefit of the estates of the Debtors.

**Tenth Claim for Relief**

**(Action to Avoid Constructively Fraudulent Transfers of Money and Property and Preserve Same for the Benefit of the Estates Pursuant to Bankruptcy Code §§ 544(b), 550(b), 551, and 1107 and New York Common Law Claim of Conversion)**

69. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 26 above as if fully set forth herein at length.

70. At all relevant times there was and is at least one or more creditors who held and hold unsecured claims against the Bayou Entities that were and are allowable under Bankruptcy Code § 502 or that were and are not allowable only under Bankruptcy Code § 502(e).

71. Through the Avoidable Transfers, Defendants received money that belonged to the creditors of the Bayou Entities without proper authorization.

72. Accordingly, the Avoidable Transfers constitute conversion under New York common law, and Defendants have an obligation to return such funds to the Estate of the Debtors for redistribution to the creditors of the Bayou Entities.

73. By reason of the foregoing, pursuant to Bankruptcy Code §§ 544(b), 550(a), and 551 and New York common law, Plaintiffs are entitled to a judgment: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the Avoidable Transfers from the Defendants for the benefit of the estates of the Debtors.

### Eleventh Claim for Relief

**(Against All Defendants: Action to Recover Fraudulent Transfers Pursuant to Bankruptcy Code § 550(a)(2))**

74. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 26 above as if fully set forth herein at length.

75. To the extent Banque Franck and the other Defendants, named and unnamed, are not the initial transferee(s) of the transfers referred to in this Complaint, they are immediate or mediate transferee(s) of the initial transferee of such payments.

76. To the extent Banque Franck and the other Defendants, named and unnamed, are immediate or mediate transferees of the initial transferee of the transfers referred to in this Complaint, such Defendants did not take such transfers for value or in good faith and/or without knowledge of the voidability of such transfers.

77. Each of the transfers referred to in this claim for relief is recoverable from Banque Franck and the other Defendants, named and unnamed, as an immediate or mediate transferee of the transfers that the Bayou Entities made to others with the actual intent to hinder, delay, and defraud the creditors of the Bayou Entities, including, but not limited to, the members of the

Committee and hundreds of other creditors, including trade creditors and others who gave the Bayou Entities money to invest for them.

**WHEREFORE**, Plaintiffs respectfully requests that this Court enter judgment in favor of the Plaintiffs and against the Defendants as follows:

i. On the First Claim for Relief, pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a), 551, and 1107: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the Avoidable Transfers from the Defendants for the benefit of the estates of the Debtors;

ii. On the Second Claim for Relief, pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a), 551, and 1107: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the Avoidable Transfers from the Defendants for the benefit of the estates of the Debtors;

iii. On the Third Claim for Relief, pursuant to New York Debtor & Creditor Law §§ 276, 276-a, and 278 and Bankruptcy Code §§ 544(b), 550(a), 551, and 1107: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, (c) recovering the Avoidable Transfers from the Defendants for the benefit of the estates of the Debtors, and (d) recovering attorneys' fees from the Defendants;

iv. On the Fourth Claim for Relief, pursuant to New York Debtor and Creditor Law §§ 273 and 278 and Bankruptcy Code §§ 544(b), 550, 551, and 1107: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the Avoidable Transfers from the Defendants for the benefit of the estates of the Debtors;

v. On the Fifth Claim for Relief, pursuant to New York Debtor and Creditor Law §§ 274 and 278 and Bankruptcy Code §§ 544(b), 550, 551, and 1107: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the Avoidable Transfers from the Defendants for the benefit of the estates of the Debtors;

vi. On the Sixth Claim for Relief, pursuant to New York Debtor and Creditor Law §§ 275 and 278 and Bankruptcy Code §§ 544(b), 550, 551, and 1107: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the Avoidable Transfers from the Defendants for the benefit of the estates of the Debtors;

vii. On the Seventh Claim for Relief, pursuant to Bankruptcy Code §§ 544(b), 550(a), 551, and 1107 and New York common law: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the Avoidable Transfers from the Defendants for the benefit of the estates of the Debtors;

viii. On the Eighth Claim for Relief, pursuant to Bankruptcy Code §§ 544(b), 550(a), 551, and 1107 and New York common law: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the Avoidable Transfers from the Defendants for the benefit of the estates of the Debtors;

ix. On the Ninth Claim for Relief, pursuant to Bankruptcy Code §§ 544(b), 550(a), 551, and 1107 and New York common law: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the Avoidable Transfers from the Defendants for the benefit of the estates of the Debtors;

x. On the Tenth Claim for Relief, pursuant to Bankruptcy Code §§ 544(b), 550(a), 551, and 1107 and New York common law: (a) avoiding and preserving the Avoidable Transfers, (b) directing that the Avoidable Transfers be set aside, and (c) recovering the Avoidable Transfers from the Defendants for the benefit of the estates of the Debtors;

xi. On the Eleventh Claim for Relief, pursuant to Bankruptcy Code § 550(a)(2), for judgment against all Defendants that requires them to return to the Bayou Entities all transfers avoided by this Complaint;

xii. Pursuant to Bankruptcy Code § 502(d), disallowing any and all claims of the Defendants unless the Defendants have repaid the Avoidable Transfers to the Estates of the Debtors;

xiii. Awarding Plaintiffs all applicable interest (including prejudgment interest), costs, and disbursements of this action; and

xiv. Granting Plaintiffs such other, further, and different relief as the Court deems just, proper, and equitable.

Dated: New York, New York
June 28, 2006

DECHERT LLP

By: /s/ Gary J. Mennitt
H. Jeffrey Schwartz (HJS-4105)
Gary J. Mennitt (GM-1141)
Elise Scherr Frejka (ESF-6896)
Jonathan D. Perry (JP-0863)
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

*Attorneys for the Debtors and Debtors-in-Possession*